## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARK SCOTT CULBERTH** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **NO. 5:20-CV-00326-JKP** |
| | § | |
| **THE TRAVELERS COMPANY, INC.** | § | |
| **AND TRAVELERS PROPERTY CASUALTY** | § | |
| **COMPANY OF AMERICA** | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT AND REQUEST FOR DISCLOSURES

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, **MARK SCOTT CULBERTH**, hereafter referred to by name or as "Plaintiff" and complains of **THE TRAVELERS COMPANY, INC.** and **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**, hereafter referred to as "Defendants," and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiff's intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

**2.**    Plaintiff **MARK SCOTT CULBERTH** is an individual residing in Bexar County, San Antonio, Texas.

**3.**    Defendant **THE TRAVELERS COMPANY, INC.** is a foreign for-profit corporation filed under the laws of the state of Delaware, and has already been served.

**4.**    Defendant **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** is a foreign for-profit corporation filed under the laws of the state of Connecticut, is the UM/UIM

carrier for Plaintiff's employer, and may be served through CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## III.
## JURISDICTION & VENUE

**5.**      Venue is proper in Bexar County pursuant to Texas Insurance Code Article 5.06-1(8).

**6.**      This Court has jurisdiction over the parties named herein because Defendant is a Texas resident and/or does business in the State of Texas.

**7.**      This Court has jurisdiction over these claims because the amount in controversy is within the jurisdictional limits of the Court.

## IV.
## FACTS

**8.**      On or about March 28, 2017, Plaintiff **MARK SCOTT CULBERTH** was operating a 2013 Mack Truck traveling West on FM-99 in Karnes City, Karnes County, Texas. Defendant, **ROBERT LEAL D/B/A R LEAL TRUCKING**, was operating a 2004 Volvo 780 truck and had made right hand turn from FM-626 onto FM-99.  **ROBERT LEAL'S, D/B/A R LEAL TRUCKING**, trailer became detached from his truck and the detached trailer did not have lights on. The detached trailer suddenly, violently, and without warning was in Plaintiff **MARK SCOTT CULBERTH's** lane of travel and caused collision. Subsequently, Defendant **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** has refused to fairly pay Plaintiffs claim under the Under-insured Motorist provisions of the policy.

**9.**      Prior to March 28, 2017, Defendant **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** issued to its insured, **EASTEX CRUDE TRUCKING, LLC,** a policy of insurance insuring protection against loss caused by bodily injury and property damages caused from the ownership, maintenance, or use of an uninsured/underinsured motor vehicle and

that such policy was number TC2J-CAP-9358B122-TIL-16.  Such policy was in full force and effect on March 28, 2017.

**10.**    Since learning that **MARK SCOTT CULBERTH** was hit by an underinsured driver, Defendant **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** have refused to fairly pay Plaintiff's claim under the Under-insured Motorist provisions of **MARK SCOTT CULBERTH's** Employer's insurance policy, under which he is a beneficiary.

**V.**

**CONDITIONS OF PRECEDENT**

**11.**    Notice of Plaintiff's claims was forwarded to Defendant on September 16, 2019. Therefore, all conditions precedent to recovery have been performed or have occurred.

**VI.**

**CAUSES OF ACTION**

**THE TRAVELERS COMPANY, INC.**

*A.    Breach of Contract*

**12.**    Defendant **THE TRAVELERS COMPANY, INC.** breached the insurance contract by failing to provide coverage benefits in which Plaintiff's employer, **EASTEX CRUDE TRUCKING, LLC**, paid premiums for, thus resulting in damages to the Plaintiff, a third party intended beneficiary of the insurance contract.

*B.    Unfair Insurance Practices*

**13.**    Defendant **THE TRAVELERS COMPANY, INC.** is guilty of unfair insurance practices in violation of Chapter 541 of the Texas Insurance Code, and the statutes, rules, and regulations incorporated by the provision.  These unfair practices have been producing causes of Plaintiff's actual damages.

### C.    *Breach of The Duty of Good Faith and Fair Dealing*

**14.**    Defendant **THE TRAVELERS COMPANY, INC.** has breached their duty of good faith and fair dealing by:

      (a)  failing to pay Plaintiff's claims without any reasonable basis;

      (b)  by failing to conduct a reasonable investigation of Plaintiff's claims;

      (c)  misrepresenting to Plaintiff a material fact or policy provision relating to the coverage;

      (d)  Not attempting to effect a prompt, fair, and equitable settlement of Plaintiff's claim once liability became reasonably clear;

      (e)  Not promptly giving Plaintiff a reasonable explanation  for its denial of his claim;

      (f)  Not affirming or denying coverage within a reasonable amount of time; and

      (g)  By failing to effect prompt resolution of Plaintiff's claim.  Defendant's breach has been a producing and proximate cause of Plaintiff's actual damages.

### D.    *Violation of DTPA*

**15.**    Defendant **THE TRAVELERS COMPANY, INC.** is liable because their actions constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"). Specifically, Defendants violated the DTPA in one or more of the following aspects:

      (a)  Representing that the goods or services have characteristics or benefits that they do not have in violation of Tex. Bus. & Comm. Code § 17.56(b)(5);

      (b)  Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, that they are not   in violation of Tex. Bus. & Comm. Code §17.46(b)(7);

(c) Representing that an agreement confers rights or involves rights, remedies, or obligations that it does not, or that are prohibited by law in violation of Tex. Bus. & Comm. Code § 17.46(b)(12)

(d) Failing to disclose information about the goods or services that was known at the time of the transaction when the failure to disclose was intended to induce Plaintiff to enter into a transaction that Plaintiff would not have entered into if the information had been disclosed in violation of Tex. Bus. & Comm. Code § 17.46(b)(23); and

(e) Acting in an unconscionable manner in that Defendant's denial of Plaintiff's claim took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree in violation of Tex. Bus. & Comm. Code § 17.50 (a)(3).

### *E.    Fraud*

16.    Defendant **THE TRAVELERS COMPANY, INC.,** committed fraud against Plaintiff, an intended third-party beneficiary of the insurance contract entered into by Defendant **THE TRAVELERS COMPANY, INC.** and Plaintiff's employer **EASTEX CRUDE TRUCKING, LLC,** in that Defendant made false misrepresentations regarding the coverage which Plaintiff's employer **EASTEX CRUDE TRUCKING, LLC** was paying premiums for.  In this regard, Plaintiff's employer was paying premiums for coverage in which Plaintiff did not receive the benefit of.

## VII.
## CAUSES OF ACTION

## TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

### *A.    Breach of Contract*

17.    Defendant **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** breached the insurance contract by failing to provide coverage benefits in which Plaintiff's employer, **EASTEX CRUDE TRUCKING, LLC**, paid premiums for, thus resulting in damages to the Plaintiff, a third party intended beneficiary of the insurance contract.

### B.    Unfair Insurance Practices

18.    Defendant **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** is guilty of unfair insurance practices in violation of Chapter 541 of the Texas Insurance Code, and the statutes, rules, and regulations incorporated by the provision.  These unfair practices have been producing causes of Plaintiff's actual damages.

### C.    Breach of The Duty of Good Faith and Fair Dealing

19.    Defendant **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** has breached their duty of good faith and fair dealing by:

(h)  failing to pay Plaintiff's claims without any reasonable basis;

(i)  by failing to conduct a reasonable investigation of Plaintiff's claims;

(j)  misrepresenting to Plaintiff a material fact or policy provision relating to the coverage;

(k) Not attempting to effect a prompt, fair, and equitable settlement of Plaintiff's claim once liability became reasonably clear;

(l)  Not promptly giving Plaintiff a reasonable explanation  for its denial of his claim;

(m)Not affirming or denying coverage within a reasonable amount of time; and

(n) By failing to effect prompt resolution of Plaintiff's claim.  Defendant's breach has been a producing and proximate cause of Plaintiff's actual damages.

### D. *Violation of DTPA*

20.     Defendant **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** is liable because their actions constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"). Specifically, Defendants violated the DTPA in one or more of the following aspects:

> (f) Representing that the goods or services have characteristics or benefits that they do not have in violation of Tex. Bus. & Comm. Code § 17.56(b)(5);

> (g) Representing that the goods or services are of a particular standard, quality or grade, or that the goods are of a particular style or model, that they are not   in violation of Tex. Bus. & Comm. Code §17.46(b)(7);

> (h) Representing that an agreement confers rights or involves rights, remedies, or obligations that it does not, or that are prohibited by law in violation of Tex. Bus. & Comm. Code § 17.46(b)(12)

> (i) Failing to disclose information about the goods or services that was known at the time of the transaction when the failure to disclose was intended to induce Plaintiff to enter into a transaction that Plaintiff would not have entered into if the information had been disclosed in violation of Tex. Bus. & Comm. Code § 17.46(b)(23); and

> (j) Acting in an unconscionable manner in that Defendant's denial of Plaintiff's claim took advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree in violation of Tex. Bus. & Comm. Code § 17.50 (a)(3).

### E. *Fraud*

21.     Defendant **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA**, committed fraud against Plaintiff, an intended third-party beneficiary of the insurance contract entered into by Defendant **TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA** and Plaintiff's employer **EASTEX CRUDE TRUCKING, LLC,** in that Defendant made false misrepresentations regarding the coverage which Plaintiff's employer **EASTEX**

**CRUDE TRUCKING, LLC** was paying premiums for.  In this regard, Plaintiff's employer was paying premiums for coverage in which Plaintiff did not receive the benefit of.

## VIII.
## DAMAGES

**22.**    As a direct and proximate result of the collision and the negligent conduct of the Defendant, Plaintiff **MARK SCOTT CULBERTH** suffered severe bodily injuries to his, head, neck, back, shoulder area and other parts of his body generally. Plaintiff's entire body was bruised, battered and contused and he suffered great shock to his entire nervous systems.  The injuries are permanent in nature.  The injuries have had a serious effect on the Plaintiff's health and well-being.  Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for his entire life.  Those specific injuries and their ill effects have, in turn, caused the Plaintiff's physical, emotional and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout his body for a long time in the future, if not for the balance of his natural life. As a further result of the nature and consequences of his injuries, the Plaintiff suffered great physical, emotional and mental pain, suffering and anguish and in all reasonable probability of his natural life. Plaintiff has also suffered aggravation to pre-existing injury.

**23.**    As a further result of all of the above, Plaintiff has incurred expenses for his medical care and attention. These expenses were incurred for the necessary care and treatment of the injuries resulting from the incident complained of.  The charges are reasonable and were the usual and customary charges made for such services in the County where they were incurred.

24.     As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for his medical care and attention.

25.     As a consequence of the injuries sustained in this occurrence, Plaintiff **MARK SCOTT CULBERTH** has lost the power to move from place to place. In all reasonable probability, this disability will cause him to suffer long into the future, if not for the balance of his natural life, all to the damage in an amount that is within the jurisdictional limits of this Court for which he now sues.

26.     By reason of all of the above, Plaintiff **MARK SCOTT CULBERTH** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which he now sues.

27.     Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief of **ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff **MARK SCOTT CULBERTH** deems himself justly entitled at the time of filing this suit, which, with the passage of time, may change.

## IX.
## INTEREST

28.     Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## X.
## DEMAND FOR JURY TRIAL

29.     Plaintiff **MARK SCOTT CULBERTH** demands a trial by jury.  Plaintiff acknowledges payment this date of the required jury fee.

**XI.**
## NOTICE OF SELF-AUTHENTICATION

**30**.    Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against the Defendant in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1.    Pain and suffering in the past;
2.    Pain and suffering in the future;
3.    Mental anguish in the past;
4.    Mental anguish in the future;
5.    Past medical expenses;
6.    Future medical expenses;
7.    Physical impairment in the past;
8.    Physical impairment in the future;
9.    Physical disfigurement in the past;
10.    Physical disfigurement in the future;
11.    Lost wages in the past;
12.    Loss of future wage earning capacity;
13.    Pre-judgment interest;
14.    Post-judgment interest; and
15.    Exemplary damages

Respectfully submitted,

**THE LAW OFFICES OF THOMAS J. HENRY**
P.O. Box 696025
San Antonio, Texas 78269
Phone: (210) 656-1000
Facsimile: (361) 985-0601

By: _____
Bernardo Gonzalez
State Bar No. 08124100
Scott Walther
State Bar No. 24096091
*email: bgonzalez-svc@tjhlaw.com
**ATTORNEYS FOR PLAINTIFF**